# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 21 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| **MASTEC NORTH AMERICA, INC.,** | |
| Plaintiff, | Civil Action No. 1:09-CV-2952 |
| v. | |
| **SCIENTIFIC-ATLANTA, LLC.** | |
| Defendant. | |



## COMPLAINT FOR MONEY DAMAGES

COMES NOW MASTEC NORTH AMERICA, INC., Plaintiff in the above captioned action, (hereinafter "MasTec") and pursuant to 28 U.S.C.A. § 1332 and the Federal Rules of Civil Procedure files this Complaint against the Defendant and shows the following:

### Jurisdiction and Parties

1.

MasTec is a foreign corporation whose principal place of business and headquarters is in the State of Florida.

1

2.

Defendant Scientific-Atlanta, LLC ("Defendant") is a Georgia limited liability company that was created under the laws of the State of Georgia on December 31, 2008 when Scientific-Atlanta, Inc. elected to become a limited liability company under Georgia law.

3.

Defendant is liable and responsible for the contractual obligations of Scientific-Atlanta, Inc. incurred prior to December 31, 2008. Defendant is the correct corporate entity to answer on behalf of the former corporation, Scientific-Atlanta, Inc.

4.

Defendant is subject to the jurisdiction and venue of this Court and may be served by service on its Registered Agent for the service of process, Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

5.

Defendant's principal place of business is at 5030 Sugarloaf Parkway, Lawrenceville, Georgia 30044.

6.

The amount in controversy in this suit exceeds $75,000.00 and there is complete diversity of citizenship between MasTec and the Defendant.

7.

Jurisdiction is proper in this case in this Honorable Court pursuant to 28 USC § 1332(a)(1).

Factual Background and Claims

8.

MasTec specializes in providing installation, repair and maintenance services for satellite and cable television companies, such as Defendant.

9.

Defendant contracted with MasTec to provide certain installation services for its San Diego EON Project (the "San Diego Project").

10.

Specifically, MasTec was to provide the services necessary to pre-field and replace or upgrade the existing installed amplifier module for certain specified nodes in the San Diego Project.

11.

MasTec completed multiple nodes and submitted invoices to Defendant for the contractually agreed upon price for each node.

12.

Defendant accepted MasTec's work on these nodes.

13.

Defendant failed to pay MasTec for its work on the nodes.

14.

MasTec's performance of its contractual duties on the San Diego Project was made difficult because Defendant failed to meet its obligations as the owner/manager/general contractor for the Project. Among other failures, the Defendant failed to provide MasTec a sufficient number of engineered nodes ready to be installed. This failure caused major delays for MasTec in scheduling its work, manning the construction crews and caused the profitability and efficiency of MasTec's work to suffer.

15.

Defendant contracted with other contractors to provide the same type of work on other nodes in the San Diego Project. However, Defendant did not require the other contractors to meet the same criteria that MasTec was forced to meet. For example, MasTec was the only contractor that had to provide warehousing for the SA equipment to be stored that was awaiting installation. Defendant's failure to require uniformity of the duties of the contractors it utilized on the San Diego Project and other breaches by the Defendant gave the other

contractors a commercial advantage on the San Diego Project that MasTec did not enjoy.

16.

Defendant breached its contractual duties to MasTec in other ways that also made MasTec's performance of its work difficult, inefficient and unprofitable.

17.

As a result of these problems in the first months of 2007, MasTec and Defendant negotiated a new Scope of Work for MasTec on the San Diego Project. Under the new contract MasTec would become the general contractor on the Project for Defendant. However, after the new contract was prepared and nearly ready to be executed, Defendant refused to sign the new contract.

18.

Unable to consummate a new contract, on or about March 2, 2007, Defendant and MasTec agreed to mutually terminate their contractual relationship on the San Diego Project on the following terms and conditions:

> At the end of March 2007, MasTec would return all of Defendant's unused equipment stored in its warehouse;
>
> MasTec would provide notice to and return to Defendant any nodes on which work had not yet begun;
>
> Prior to the end of March 2007, MasTec would complete the nodes on which installation work was underway;

> For any nodes on which work was continuing during the month of March 2007, Defendant would have a quality control person on hand to inspect and approve the node as MasTec completed the work;
>
> For the nodes turned over to Defendant for inspection and approval prior to March 2, 2007, Defendant would expedite the inspection and approval process and MasTec would receive payment for its work; and
>
> For the nodes completed during the month of March 2007, MasTec would receive from Defendant the agreed upon price for each node and other work completed.

(hereinafter referred to as the "March 2, 2007 agreement").

19.

MasTec fully performed its duties and responsibilities outlined in Paragraph 18. Specifically, MasTec returned all of Defendant's unused equipment from its warehouse, MasTec returned all of the nodes on which MasTec had not yet started installation work on prior to March 2, 2007, MasTec completed all of the nodes that work was underway before the end of March 2007 and MasTec made sure that Defendant's quality control person approved of its work.

20.

Despite MasTec's full performance of its duties and responsibilities of the March 2, 2007 agreement and MasTec's requests for payment, Defendant has refused and still refuses to pay MasTec for its work performed on the San Diego Project.

21.

For the San Diego Project, Defendant owes MasTec in principal amount $331,820.30. Attached as Exhibit "A" is a true and correct invoice that has been sent to Defendant on previous occasions showing this debt.

22.

Under applicable Georgia law, interest on this unpaid amount has accrued since its due date at the rate of seven percent (7%) per annum. As of the date of this Complaint, Defendant is liable to MasTec for accrued interest in the amount of $57,464.21. Therefore, the total current amount Defendant owes to MasTec for the San Diego Project totals $389,284.51.

23.

Interest on the outstanding balance for the San Diego Project accrues at the daily rate of $63.64.

24.

Defendant breached its contract to MasTec by its refusal to pay in accordance with the March 2, 2007 agreement and is liable to MasTec in the amount of $389,284.51.

25.

MasTec alternatively shows it is entitled to compensation from the Defendant for the services it rendered to it on the San Diego Project based on

promissory estoppel, detrimental reliance and quantum meruit and other equitable and legal theories of recovery. Therefore, Defendant is liable to MasTec under these causes of action in the amount of $389,284.51.

26.

Defendant also contracted with MasTec to provide services to it for the Cox Communications Phoenix, Arizona Project (the "Phoenix Project") during this same approximate time period.

27.

On the Phoenix Project, Defendant hired MasTec to perform the required pre-field work necessary for Defendant to make an accurate bid on certain upgrade/maintenance/repair work on the existing Cox cable system in Phoenix, Arizona.

28.

MasTec performed the required services and provided the information to Defendant and Defendant made a bid for the work on the Phoenix Project.

29.

Defendant was not awarded the Phoenix Project.

30.

When Defendant was not awarded the contract, Defendant refused to pay MasTec for its work on the Phoenix Project.

31.

MasTec provided good and valuable services to Defendant on the Phoenix Project and Defendant is liable to MasTec for such services in the amount of $173,650.00. Attached as Exhibit "A" is a true and correct invoice that has been sent to Defendant on previous occasions showing this debt.

32.

Under applicable Georgia law, interest on this unpaid amount has accrued since the due date at the rate of seven percent (7%) per annum. As of the date of this Complaint, Defendant is liable to MasTec for accrued interest in the amount of $40,324.00. Therefore, the total current amount Defendant owes to MasTec for the Phoenix Project totals $203,974.00.

33.

Interest on the outstanding balance for the Phoenix Project accrues at the daily rate of $33.30.

34.

MasTec is entitled to compensation from the Defendant for its services rendered to it on the Phoenix Project in the amount of $203,974.00 based on promissory estoppel, detrimental reliance and/or quantum meruit.

## Attorney's Fees and Costs of Litigation

35.

MasTec has made previous demands on Defendant for payment of the amounts due under the San Diego Project and the Phoenix Project but Defendant has refused to pay. Defendant's failure to pay has been in bad faith, been stubbornly litigious, and caused MasTec unnecessary trouble and expense. Accordingly, MasTec is entitled to its attorney's fees and court costs in an amount to be proven at trial.

36.

MasTec demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff, MasTec North America, Inc. prays:

(a) That the Court enter judgment in favor of MasTec and against the Defendant for the San Diego Project in the amount of $389,284.51;

(b) That the Court enter judgment in favor of MasTec and against the Defendant for the Phoenix Project in the amount of $203,974.00;

(c) That future interest be awarded at the legal rate against Defendant;

(d) That pursuant to O.C.G.A. §9-15-14, the Court find the Defendant liable for MasTec's attorneys' fees and other costs of litigation in an amount to be proven at trial;

(e)   That Court costs be awarded in the amount of $350.00 against Defendant; and

(f)   That the Court grant such further relief as is just and appropriate.

This 20th day of October, 2009.

*W. Othwell*
W. KERRY HOWELL
Georgia Bar No. 372688
Lumley & Howell, LLP
350 Second Street
Macon, Georgia 31201
(478) 745-0111
Email: wkhowell_law@bellsouth.net

11